**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Robbie Collins, #290946 | C/A: 2:23-cv-2651-RMG |
| Plaintiff, | |
| v. | |
| Anthony Padula, | **ORDER AND OPINION** |
| Defendant. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 13) of the Magistrate Judge recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint.

### I.     Background and Relevant Facts

Plaintiff, proceeding pro se and in forma pauperis, brings this action for a writ of coram nobis pursuant to 28 U.S.C. § 1651.

On June 3, 2024 the Magistrate Judge filed an R&R recommending that Plaintiff's complaint be dismissed without leave to amend. (Dkt. No. 13).

Plaintiff did not file objections to the R&R.

### II.     Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

## III.    Discussion

After a review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's complaint must be dismissed for the reasons explained therein. (Dkt. No. 13 at 4-6) (noting the writ Plaintiff seeks is prohibited by FRCP 60(b) and that, "even if coram nobis petitions were still cognizable in federal civil actions, such petitions must be filed in the court in which the challenged judgment was rendered," which in this matter would be the Lee County Court of Common Pleas); (*Id.* at 5) (noting the instant action may be a disguised habeas action and that Plaintiff has had numerous § 2254 petitions dismissed as unauthorized and successive).

## IV.    Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 13) as the Order of the Court and **DISMISSES** the instant action without leave to amend.

-2-

**AND IT IS SO ORDERED.**

<u>Richard Mark Gergel</u>
United States District Judge

June 27, 2024
Charleston, South Carolina